D. H. BURTS, administrator, plaintiff in error, vs. JOHN T. LOYD, defendant in error.

(BY TWO JUDGES.)—When the administrator files a bill to marshal assets against creditors, some of whom are proceeding to enforce their claims at law, and seeks to enjoin the common law suits, alleging conflict in the claims, and the Judge grants the injunction, subject to the limitation that "the said several creditors and said administrator go on and litigate the several claims now in process of litigation for the purpose of ascertaining the amounts due said creditors, and for that purpose only, and that as to the priority and dignity of said claims, and as to the rights of said creditors to claim payment out of said funds in the hands of the administrator, that the same be reserved and held up for future determination of this Court, and that the judgment that said creditors may obtain against said administrator shall not create any personal liability as to him, but against the assets of the estate only:" one of said creditors, who is a non-resident, cannot remove his common law suit to the Circuit Court of the United States. Such suit is collateral to the equity cause. 5th March, 1872.

Removal to United States Courts.    Before Judge JOHN-SON.    Chattahoochee county.    September Term, 1871.

The bill of exceptions assigns as error the order for removal to the United States Court, under the facts stated in the opinion.

PEABODY & BRANNON; E. H. WORRILL; E. G. RAIFORD, for plaintiff in error.

BLANFORD & THORNTON, for defendant.

MONTGOMERY, Judge.

The administrator, being sued by Loyd and other creditors, filed a bill to marshal assets, alleged insolvency of the estate, and prayed that the common law suits be enjoined. The claims of the creditors were conflicting, and the amounts of the claims disputed by the administrator.

The Chancellor granted a modified injunction, permitting the creditors to go on at common law and obtain their judgments for whatever amounts might be found to be due, but decreeing that the judgments should not bind the administrator personally, or be enforced until the final decree. Upon the passing of this interlocutory order, Loyd filed his petition under what are known as the Garsed Acts of Congress, of 1866 and 1867, for the removal of his common law suit to the Circuit Court of the United States, Loyd being a nonresident, by admission, although that fact does not appear from the record. The Court granted the order to remove, and the administrator excepted. We think the Court erred. The common law suit, with several others, had become merged into the bill. A removal of any one of the suits dissolved the injunction, *ipso facto*, as to that suit : McLeod vs. Duncan, 5 McLeod, 342; Bowen vs. Kendall, 23 Law Reports, 538. The administrator might have again enjoined in the United States Court, but how could that Court determine the

*pro rata* to which Loyd might be entitled out of the assets in the hands of the administrator? "A final determination of the controversy, so far as it concerns him," cannot be made in that Court "without the presence of the other defendants as parties in the cause," made by the bill. And the administrator cannot carry them there in any new bill he may find it necessary to file in that Court. Congress certainly could not have intended to so encumber the administration of estates, in all the States, as would be the result of permitting every non-resident creditor of an insolvent estate to have his part of the case made by the administrator's filing a bill to marshal assets removed to the United States Courts. The present case is much stronger against the removal than *Peters vs. Peters*, 41 Georgia, 242.

The judgment of the Court is reversed.